IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:15CR32–HEH
)
ALDAIR HODZA, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Aldair Hodza, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 102).[1] Hodza contends that he received ineffective assistance of counsel in conjunction with his guilty plea and resulting sentence. Hodza delineated his one claim for relief in his § 2255 Motion as follows:

Claim One: Counsel failed to advise Hodza prior to entering his guilty plea that the "approximate [Sentencing] Guidelines range for his crime(s) would be 235–293 months" and instead advised him "that a 420-month sentence in a plea bargain would be a reality and a likelihood. Had [Hodza] known that the Guidelines were so low ... he would have [gone] to trial." (§ 2255 Mot. 4.)

In his Memorandum in Support of his § 2255 Motion, Hodza appears to raise several additional claims under "GROUND ONE":

Claim Two: Counsel rendered ineffective assistance by "failing to challenge the trial court's upward variance absent proper

---

[1] The Court employs the pagination assigned to Hodza's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from Hodza's submissions.

> explanation as to how the Court made such determination."
> (Mem. Supp. § 2255 Mot. 2, ECF No. 103.)

Claim Three: Counsel rendered ineffective assistance prior to the entry of Hodza's guilty plea because he "was clear and absolute that [Hodza] would face a sentence of no more than 35 years." (*Id.*)

Claim Four: The Court exhibited "an apparent bias" against Hodza when it sentenced him to a higher sentence than the recommended sentence in the plea agreement and guidelines. (*Id.* at 4.)

The Government has responded, asserting that Hodza's claims lack merit. (ECF No. 108.) Hodza filed a Reply. (ECF 112.) For the reasons set forth below, Hodza's § 2255 Motion (ECF No. 102) will be denied.

## I. PROCEDURAL HISTORY

On March 6, 2015, a grand jury returned a two-count amended Indictment against Hodza, charging him with sex trafficking by force, fraud, and coercion and aiding and abetting (Count One), and transportation of an individual for prostitution and aiding and abetting (Count Two). (Indictment 1–2, ECF No. 23.) On May 1, 2015, Hodza entered into a Plea Agreement in which he agreed to plead guilty to both Counts One and Two. (Plea Agreement ¶ 1, ECF No. 38.) In the Plea Agreement, Hodza and the Government agreed that they would recommend to the Court that Hodza receive a thirty-five-year sentence on Count One and a concurrent ten-year sentence on Count Two. (*Id.* ¶ 5.) Prior to sentencing, the Government filed a motion for an upward variance asking the Court to impose the jointly recommended thirty-five-year sentence on Count One and a concurrent ten-year sentence on Count Two. (ECF No. 48, at 8–9.) The Court granted the motion for an upward variance; however, varied further than the joint

2

recommendation, and found that a 500-month sentence was appropriate. (*See* ECF No. 66, at 1–3.) On August 18, 2015, the Court entered judgment against Hodza and sentenced him to 500 months of incarceration. (J. 2, ECF No. 69.) The United States Court of Appeals for the Fourth Circuit dismissed Hodza's appeal as barred by his validly entered guilty plea that contained a waiver of appellate rights. *See United States v. Hodza*, 650 F. App'x 167, 168 n.\* (4th Cir. 2016).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

3

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the convicted defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). Thus, the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221–22. No circumstances exist here that would lead the Court to consider Hodza's prior sworn statements as other than truthful.

## B. Allegedly Deficient Advice About Sentence

In Claim One, Hodza argues that counsel failed to advise him that the "approximate [Sentencing] Guidelines range for his crime(s) would be 235–293 months"

4

and instead advised him "that a 420-month sentence in a plea bargain would be a reality and a likelihood. Had [Hodza] known that the Guidelines were so low . . . he would have [gone] to trial." (§ 2255 Mot. 4.) Similarly, in Claim Three, Hodza argues that counsel rendered ineffective assistance prior to the entry of Hodza's guilty plea because he "was clear and absolute that [Hodza] would face no more than 35 years." (*Id.*) As discussed below, Hodza's claims are belied by the record.

In his guilty plea, Hodza agreed that he understood that the mandatory minimum sentence he could receive for Count One was fifteen years and the maximum sentence he could receive was life in prison. (Plea Agreement ¶ 1.) Hodza also agreed that he could receive up to ten years for Count Two. (*Id.*) Hodza agreed that the following provisions of the United States Sentencing Guidelines ("U.S.S.G.") would apply with regard to his ultimate sentence:

   a.   Pursuant to the cross-reference contained in U.S.S.G. § 2G1.1, a base offense level of 30 under U.S.S.G. § 2A3.1;
   b.   A 4-level enhancement for conduct described in 18 U.S.C. § 2241(a) or (b) under U.S.S.G. § 2A3.1(b)(1);
   c.   A 3-level enhancement for injury inflicted to the victim between serious bodily injury and life-threatening injury under U.S.S.G. § 2A3.1(b)(4);
   d.   A 4-level enhancement for abduction of the victim under U.S.S.G. §2A3.1(b)(5).
   e.   An upward departure is appropriate under U.S.S.G. § 5K2.8 for torture of a victim, gratuitous infliction of injury, and prolonging of pain and humiliation.
   Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the defendant receive a sentence of 35 years of imprisonment and 20 years supervised release on Count Two; and sentence of 10 years of imprisonment and 20 years of supervised release on Count Two, which term is to run concurrent with the term of incarceration imposed in Count One.

5

> The defendant acknowledges that the above recommendation is not binding on the Court.

(*Id.* ¶ 5.)

During the Rule 11 hearing, the Court conducted an extensive colloquy of Hodza to ensure that his guilty pleas were knowing and voluntary and that he understood what sentence he might receive. At the start of the hearing, counsel for Hodza and the Government both affirmed that "there is an agreed nonbinding recommendation of 35 years conferment on Count 1; 10 years on Count 2 to run concurrently." (May 1, 2015 Tr. 2–3, ECF No. 79.) Hodza agreed that his attorneys had "answered everything" and they had "fully advised [him] on the law, the consequences of the pleas, and the sentencing provisions." (May 1, 2015 Tr. 5.) Hodza affirmed that it was his decision alone to plead guilty. (May 1, 2015 Tr. 8.) Hodza also agreed that he understood that the joint recommendation of a thirty-five-year sentence with a ten-year concurrent sentence was "nonbinding on the Court." (May 1, 2015 Tr. 9.) The Court then emphasized: "I will seriously consider and attach a great deal of weight to this agreed recommendation, but I'm not bound by it. I will not make a final decision on sentencing until the sentencing hearing after I review the presentence report. Do you fully understand that?" (May 1, 2019 Tr. 9–10.) Hodza answered: "I do." (May 1, 2015 Tr. 10.)

Hodza indicated that he had read and signed his Plea Agreement, gone over its terms with his attorney and understood it, agreed that the document represented the entire agreement between himself and the United States, and agreed that no one had promised him anything other than what was contained in the agreement. (May 1, 2015 Tr. 10.)

6

When asked about the maximum sentence he would receive, Hodza replied that he could receive up to life in prison on Count One and a maximum sentence of ten years on Count Two. (May 1, 2015 Tr. 16.) The Court also asked whether Hodza "and [his] attorneys [had] gone over where your sentence comes out on the Federal Criminal Sentencing Guidelines," and Hodza indicated that they had. (May 1, 2015 Tr. 16.) The Court explained that the guidelines "are effectually advisory," and then explained how a guidelines range was calculated. (May 1, 2015 Tr. 16–17.) Hodza agreed that his attorneys had provided him with "their best estimate" or "an educated estimate" of the guidelines range. (May 1, 2015 Tr. 18.) The Court explained that the probation officer would "have more information about you than your attorneys have," and therefore, the probation officer's calculation of the guidelines might be different than what counsel had estimated, and Hodza could not withdraw his pleas on that ground. (May 1, 2015 Tr. 18.) The Court also noted that "[i]f there are any aggravating or mitigating circumstances in your case that are not reflected in the guidelines, I do have the limited authority to vary your guidelines upward or downward in order to reflect those aggravating or mitigating circumstances." (May 1, 2015 Tr. 18–19.) Hodza indicated that he understood. (May 1, 2015 Tr. 19.) The Court then found Hodza's guilty pleas "voluntarily, knowingly, and intelligently entered with the understanding of the nature of the charges, the consequences of the pleas, and the penalty provisions that you face." (May 1, 2015 Tr. 22.)

Prior to sentencing, the probation officer prepared a Presentence Report ("PSR") that recommended a sentencing guidelines range of 235 to 293 months of incarceration.

7

(PSR 20; ECF No. 53.) Contrary to Hodza's suggestion in Claim One, he was well aware of what his estimated guidelines range would be prior to entering his guilty plea. The Plea Agreement contained the same base offense level and the identical enhancements and adjustments as those used by the probation officer in the PSR. (See Plea Agreement ¶ 5; PSR 11–12.) Hodza indicated during the Rule 11 proceeding that he understood the provisions of his Plea Agreement pertaining to the sentencing guidelines and had discussed the estimated range with counsel. Given that the Plea Agreement contained the same guideline calculation as the PSR, and based on Hodza's statements under oath that he understood the terms of his Plea Agreement, Hodza's claim that he would not have pled guilty if counsel had informed him that his sentencing range would be 235 to 293 months, is both belied by the record and is "palpably incredible." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted) (citation omitted). Claim One lacks merit and will be dismissed.

Hodza's contention in Claim Three, that counsel told him he would receive no more than thirty-five years if he pled guilty, is also clearly belied by his validly entered Plea Agreement and statements under oath. Hodza's Plea Agreement contained a non-binding joint recommendation that he should receive thirty-five years on Count One. However, Hodza also agreed in his Plea Agreement and again in the Rule 11 hearing that he understood that he could receive up to life in prison on that count. Prior to accepting Hodza's guilty plea, the Court emphasized to Hodza that this thirty-five-year recommended sentence was not binding on the Court and that the Court would fashion an appropriate sentence after the probation officer prepared the PSR. Hodza confirmed that

8

no one had promised him a particular sentence and any estimated sentence provide by counsel was nothing more than an educated estimate. Once again, Hodza's contention that counsel promised him a thirty-five-year sentence if he pled guilty is "palpably incredible." *Lemaster*, 403 F.3d at 221 (internal quotation marks omitted) (citation omitted). Furthermore, because the Court essentially informed Hodza that he could not rely upon any sentence estimate provided by counsel, Hodza cannot demonstrate prejudice flowing from any alleged misinformation from his counsel with respect to his sentence. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). Accordingly, Claim Three lacks merit and will be dismissed.

### C. Failure to Challenge Upward Variance

In Claim Two, Hodza argues that counsel rendered ineffective assistance by "failing to challenge the trial court's upward variance absent proper explanation as to how the Court made such determination." (Mem. Supp. § 2255 Mot. 2, ECF No. 103.) This claim also lacks merit. In his Plea Agreement, Hodza agreed that "[a]n upward departure [was] appropriate under U.S.S.G. § 5K2.8 for torture of a victim, gratuitous infliction of injury, and prolonging of pain and humiliation." (Plea Agreement ¶ 5.) Based on this jointly agreed-upon provision, the Government filed a motion for a variance sentence of 420 months (thirty-five years) of incarceration "based on all of the § 3353(a) factors." (ECF No. 48, at 3–4.) In the Position on Sentencing, Hodza agreed that "pursuant to the Plea Agreement, all parties have agreed to an upward departure and recommended to the Court that the defendant receive a sentence of 35 years' imprisonment." (ECF No. 61, at 2–3.)

9

During sentencing, the parties agreed that the guidelines range of 235 to 292 months of incarceration was properly calculated, but the Court determined that an upward variance was appropriate based on the joint recommendation of counsel. (Aug. 1, 2015 Tr. 4.) "[B]ased upon the depravity of the offense, the effect upon the victim, and the brutal circumstances under which this victim was transported from state to state in perpetration of these crimes," the Court departed upwardly to a guidelines range of 360 months to life. (Aug. 14, 2015 Tr. 4–5.) Counsel put forth extensive argument as to why the thirty-five-month departure sentence was appropriate and should be imposed. After hearing from counsel and Hodza, the Court explained as follows:

> Well. Mr. Hodza, I have received a number of letters from folks who have known you all their life and talk about all the good things you have done. But certainly the period of time that you had this young lady basically in your custody really show a dangerously dark side of you. This wasn't just something that happened over a day or couple of hours. This was protracted over a several-day period of time. And it was continuous. Some of the things you did to this young lady are so horrifying you couldn't even capture in words. Have you seen the photographs [of] the injuries she suffered? Do you know how much surgery she has got to have? She is going to have psychological and psychiatric counseling for almost the rest of her life, and probably never have a successful relationship with other people because of you, sir.
>
> . . .
> . . . I normally go along with the agreed recommendations because I have a great deal of confidence and respect for the counsel that represent defendants, and the prosecutor in the case. It is a rare case that I don't, but this is that rare case. The level of depravity here is unprecedented. The effects on the victim are so significant that I simply cannot accept the recommendation offered here. Actually there are two victims in this case, not only the victim of the torture and prostitution and all of the other acts, but your daughter as well. And she is going to have to live with this. The impact on her could be tremendous in her ability to have relationships with other people, all at your hands sir.
>
> You are simply not the person that all those letters described. There is a dark side to you. It has manifested itself here in a horrible way.

10

> Mr. Hodza, I reviewed the U.S. Sentencing Guidelines as advisory only, and for reasons I articulated earlier I have decided they are inadequate to reflect the nature and circumstances of this offense, and accordingly I have departed. I have varied upward in this case. And I feel that within the range we determined, a total offense level 42, criminal history category I, a sentence that is adequate but not longer than necessary can be found.
>
> I first look at the nature and circumstances of the offense. I need not go back over it again. The record is clear.
>
> I look at your prior criminal history. You have one. It is minimal. But I look at what sentence would promote respect for the law, provide for deterrence, protect the community. You are so dangerous, sir, nothing other than a very, very long sentence can protect other people from the same type of harm you have visited.
>
> So, therefore, [t]he Court believes that a sentence that is adequate but not longer than necessary to reflect not only harm to this victim but also to your daughter, is you be committed to the custody of the Bureau of Prisons for a term of 500 months. That will consist of 500 months on count one, and 120 months on count two. Those sentences will be served concurrently.

(Aug. 14, 2015 Tr. 21–23.)[2] Although counsel lodged no objection after the Court imposed Hodza's sentence, Hodza fails to identify any ground that counsel could have raised that would have persuaded the Court to impose a lesser sentence. At most, Hodza alleges, "[a]t sentencing, the Court entered into the record that it intended to raise the Guidelines Range from 38 to 42. As there was no 'reasons' given, this was apparently an arbitrary action [on] the part of the Court." (Mem. Supp. § 2255 Mot. 2.) Contrary to Hodza's vague and conclusory allegation, the Court provided a thorough explanation for the imposed sentence. Hodza fails to identify any deficiency or resulting prejudice from counsel's failure to object to the imposed sentence. Accordingly, Claim Two lacks merit and will be dismissed.

---

[2] For a more fulsome description of the depravity of Hodza's crimes, the Court has attached the Statement of Facts (ECF No. 39) as an exhibit to this Memorandum Opinion.

11

## III. ALLEGED BIAS OF THE COURT

In Claim Four, Hodza contends that the Court exhibited "an apparent bias" against Hodza when it sentenced him to a higher sentence than the recommended sentence in the Plea Agreement and guidelines. (Mem. Supp. § 2255 Mot. 4.) To the extent that this claim is properly before the Court at this juncture,[3] it lacks merit. Contrary to Hodza's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The Court harbors no bias against Hodza nor does he demonstrate any circumstances where the impartiality of the undersigned might be reasonably questioned. *See* 28 U.S.C. §§ 144,[4] 455.[5] Rather, Hodza's 500-month sentence was a product of his horrific criminal acts.

---

[3] This is a claim that Hodza could have raised, but failed to raise on direct appeal, and would be barred from review here. The fact that he waived his right to appeal fails to excuse this default. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Nevertheless, the Government failed to raise this affirmative defense, and the Court reviews the merits.

[4] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[5] The statute provides, in relevant part

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## IV. ANY REQUEST TO SUPPLEMENT IS FUTILE

Hodza has also filed a "Motion to Supplemental Briefing" in which he requests leave of the Court to submit supplemental briefing adding new claims. (ECF No. 113.) Although he submitted a brief in support of that motion (ECF No. 114), Hodza failed to file the actual supplement that contained his supplemental argument or new claims.[6] At this late juncture, Hodza has offered no compelling reason why the Court should allow supplemental briefing. Accordingly, his Motion for Supplemental Briefing (ECF No. 113) will be denied.

## V. CONCLUSION

Hodza's § 2255 Motion (ECF No. 102) will be denied. Hodza's claims and the action will be dismissed. The Motion for Supplemental Briefing (ECF No. 113) will be denied.

---

(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge
   of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455.

[6] Hodza suggests that supplemental briefing is needed on three grounds. First, he states the appeal waiver in his plea agreement is void. The Fourth Circuit already found his appeal waiver "valid and enforceable," and this contention lacks merit. *United States v. Hodza*, 650 F. App'x 167, 168 n.* (4th Cir. 2016). Second, he contends that the Freedom of Information Act waiver provision in his plea agreement was unlawful. Any attempt to add this claim would be futile, as it would be barred from review here, because Hodza could have raised, but failed to raise, this claim on appeal. *See Bousley*, 523 U.S. at 622–23; *see also Linder*, 552 F.3d at 397. Finally, Hodza states that his conviction should be vacated under the void-for-vagueness doctrine of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In *Dimaya*, the Supreme Court found that a nearly identical provision in 18 U.S.C. § 16 violated due process. 138 S. Ct. at 1214. Hodza's convictions under 18 U.S.C. § 1591(a) and 18 U.S.C. § 2421 do not include the residual clause at issue in *Johnson* and *Dimaya*, and therefore these cases are inapplicable here. Thus, any attempt to add these claims would be futile.

13

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Hodza has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hodza and counsel of record.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 27 2015
Richmond, Virginia